Opinion issued April 10, 2008 
 





    







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00008-CV
____________

RICHARD SKAINS, Appellant

V.

TORCH OFFSHORE, L.L.C., Appellee




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2001-60227



 
MEMORANDUM OPINION
          Appellant, Richard Skains, appeals from a take-nothing judgment rendered on
his negligence claim under the general maritime law asserted against appellee, Torch
Offshore, L.L.C. (“Torch”). Skains’s sole appellate challenge is that the evidence
was factually insufficient to support the jury’s negative finding of negligence by
Torch. Concluding that Skains failed to preserve his sole appellate challenge, we
affirm.
Pertinent Procedural Background
          Skains was employed by Gulf Coast International Inspection, Inc. as an x-ray
technician. In December 2007, Skains was being transported to a worksite aboard
Torch’s vessel, the M/V MIDNIGHT FOX, when the vessel pitched suddenly, causing
him to hit his head against a steel doorway. At trial, Skains contended that the M/V
MIDNIGHT FOX had collided with another vessel due to Torch’s negligence, thereby
injuring him; Torch disputed that a collision occurred, that it was negligent, and that
any injury occurred that resulted in Skains’s damages.
          Skains sued Torch for negligence under the Jones Act,


 for compensation under
the Longshoreman and Harbor Worker’s Compensation Act (“LHWCA”),


 for
negligence under the general maritime law, and for breach of the warranty of
seaworthiness. The trial court rendered summary judgment on Skains’s claims for
negligence under the Jones Act and for breach of the warranty of seaworthiness and
also disposed of his LHWCA claim pre-trial, though the record is unclear exactly how
that disposition occurred. In October 2005, the case went to trial solely on Skains’s
claim for negligence under the general maritime law. The jury found that neither
party was negligent, and the trial court rendered a take-nothing judgment on Skains’s
negligence claim. Skains filed a motion for new trial, which the trial court denied.
Preservation of Error
          In his sole issue, Skains complains that the evidence is factually insufficient to
support the jury’s finding that Torch was not negligent.


 
          The filing of a motion for new trial is a prerequisite to an appellate complaint
challenging the factual sufficiency of the evidence supporting a jury finding. See
Tex. R. Civ. P. 324(b)(2). To preserve error, the motion for new trial must state the
factual-sufficiency complaint; a general motion for new trial that does not assert
factual insufficiency does not suffice. See, e.g., Halim v. Ramchandani, 203 S.W.3d
482, 487 (Tex. App.—Houston [14th Dist.] 2006, no pet.); see also Tex. R. App. P.
33.1(a)(1)(A) (requiring that party making request, objection, or motion state “the
grounds for the ruling that the complaining party sought from the trial court with
sufficient specificity to make the trial court aware of the complaint, unless the
specific grounds were apparent from the context”).
          In his motion for new trial, Skains asserted (1) that Torch had suppressed
records or spoliated documents and evidence, (2) that the jury had committed
misconduct, (3) that the trial court had erred in striking two of his expert witnesses,
and (4) that the trial court had erred in rendering summary judgment on or in striking
his LHWCA and unseaworthiness claims. Skains did not assert that the evidence was
factually insufficient to support any aspect of the verdict, and he did not raise any
argument that can be construed as having raised this issue. Accordingly, we hold that
Skains has waived his complaint. See Tex. R. Civ. P. 324(b)(2); Halim, 203 S.W.3d
at 487; see also Tex. R. App. P. 33.1(a)(1)(A). We thus overrule his sole issue.
 

          Conclusion
          We affirm the judgment of the trial court.

 
Tim Taft
Justice

Panel consists of Justices Taft, Keyes, and Alcala.